IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FAME ENTERPRISES, INC. and ROE
E. (RICK) HALL,

    PLAINIFFS,

VS.                                                                                         CIVIL ACTION NO.:   CV-05-J-0833-NW

CAPITOL RECORDS, INC.; EMI GROUP,
INC.; EMI RECORDS; EMI MUSIC GROUP,
INC.; EMI GROUP NORTH AMERICA, INC.;
PEGASUS RECORDS; LASER'S EDGE;
SUNBURST RECORDS; BAYSOUND, INC.;
THE  SOUND SHOP, INC.; SOUND SHOP;
CHARLEMAGNE RECORD EXCHANGE,
INC.; and DEFENDANTS A, B, C, and D, as
more specifically described in the body of the
Complaint,

    DEFENDANTS.

### AMENDMENT TO PLAINTIFFS' COMPLAINT

    COME NOW the plaintiffs and amend the Complaint previously filed in this case against the defendants by deleting the sixth sentence in Paragraph 8 and re-stating said sentence as follows:

    8.    In substance and effect, the masters delivered under these contracts were delivered pursuant to a lease, security device or other arrangement whereby ownership reverted to FAME and/or remained with FAME throughout.

    Plaintiffs also add the following Counts to their Complaint:

1

## COUNT IX
### (Invasion of Privacy)

44. Plaintiffs adopt and re-allege the prior allegations hereinabove contained in paragraphs numbered 1 through 43.

45. The plaintiff Hall has written and produced many hit songs, beginning in the 1960's. According to the Alabama Music Hall of Fame, of which he is a 1985 inductee, he produced 211 charted singles, 83 of which were top 10 records, including 14 number 1 hits. The plaintiff, Hall, has also received many other honors and awards, including Billboard's Producer of the Year for the world in 1971.

46. Because of his acclaim in the music industry and because of his many accomplishments as a well-known producer, the plaintiff's name and the plaintiff's likeness have a unique quality and value that gives commercial benefit and profit to any musical product with which his name or likeness is associated.

47. Without the plaintiff's consent or knowledge, the defendants, Capitol and EMI, have appropriated the plaintiff's name for their own commercial gain by using his name to advertise and/or enhance its products, the wrongfully released masters owned by Hall and/or FAME.

48. The defendants, Capitol and EMI, have invaded Hall's privacy with impunity, causing the plaintiff compensatory damages and justifying an award of punitive damages.

WHEREFORE, PREMISES CONSIDERED, the plaintiff, Hall, demands judgment against Capitol and EMI for such compensatory and punitive damages as a jury shall assess.

## COUNT X
### (Infringement of Common-law Copyright)

49. Plaintiffs adopt and re-allege the prior allegations hereinabove contained in paragraphs numbered 1 through 48.

50. FAME is the common-law copyright holder of the masters at issue in this case.

51. All of the masters at issue in this case were fixed prior to February 15, 1972, and are entitled to state common-law copyright protection until preempted by federal law on February 15, 2067.

52. Plaintiffs have violated and infringed upon FAME's common-law copyright in the aforementioned masters, causing compensatory damages, and under circumstances justifying an award of punitive damages

WHEREFORE, PREMISES CONSIDERED, the plaintiffs demand judgment against the Capitol defendants for such compensatory and punitive damages as a jury shall assess.

## COUNT XI
### (Contributory Infringement of Common Law Copyrights)

53. Plaintiffs adopt and re-allege the prior allegations hereinabove contained in the Complaint as amended.

54. Through their conduct averred herein, defendants, Capitol and EMI, and each of them, have engaged and continue to engage in the business of knowingly and systematically inducing, causing, and materially contributing to the above-described unauthorized reproduction and/or distribution of copies of the masters and thus to the infringement of plaintiffs' common law

copyrights and exclusive rights under copyright.

55. The infringement of reach of plaintiffs' rights in and to the masters constitutes a separate and distinct act of infringement.

56. The foregoing acts of infringement by said defendants have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of the plaintiffs.

57. Defendants' conduct, as averred herein, constitutes contributory infringement of plaintiffs' common law copyrights and plaintiffs' exclusive rights under copyright.

58. As a direct and proximate result of the contributory infringements by defendants of plaintiffs' common law copyrights and exclusive rights under copyright, plaintiffs are entitled to damages and profits.

59. Defendants' conduct, as hereinabove averred, is causing and, unless enjoined and restrained by this Court, will continue to cause plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs, and each of them, are entitled to an injunction prohibiting further contributory infringements of plaintiffs' common law copyrights by defendants, and each of them.

WHEREFORE, PREMISES CONSIDERED, plaintiffs demand judgment against Capitol and EMI for such compensatory damages, punitive damages, and other relief to which they are entitled.

## COUNT XII
**(Vicarious Infringement of Copyrights)**

60. Plaintiffs incorporate herein by reference each and every averment in the Complaint

as amended.

61. The foregoing acts of infringement by defendants, EMI and Capitol, and each of them, have been willful, intentional, and purposeful, in disregard of and indifference to the rights of the plaintiffs.

62. Defendants' conduct, as averred herein, constitutes vicarious infringement of plaintiffs' common law copyrights and exclusive rights under copyright.

63. As a direct and proximate result of said defendants' vicarious infringement of plaintiffs' common law copyrights and exclusive rights under copyright, plaintiffs are entitled to damages and defendants' profit.

64. Defendants' conduct, as hereinabove averred, is causing and, unless enjoined and restrained by this Court, will continue to cause plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs and each of them, are entitled to an injunction prohibiting further vicarious infringements of plaintiffs' copyrights by defendants, and each of them.

WHEREFORE, PREMISES CONSIDERED, plaintiffs demand judgment against Capitol and EMI for such compensatory damages, punitive damages, and other relief to which they are entitled.

### COUNT XIII
**(Unjust Enrichment)**

65. Plaintiffs incorporate by reference herein each and every averment in the Complaint as amended.

66. Defendants, EMI and Capitol, have willfully copies plaintiffs' masters and have manufactured, sold, distributed or licensed infringing compilations containing the masters;

defendants acted without plaintiffs' consent and without paying plaintiffs' licensing fees and other costs; and, defendants have profited from their unlawful activities and deprived plaintiffs of revenue.

67.     Defendants have been unjustly enriched at plaintiffs' expense and to plaintiffs' detriment. In equity and good conscience, such enrichment gained through defendants' unlawful and inequitable conduct should be turned over in its entirety to plaintiffs.

WHEREFORE, PREMISES CONSIDERED, plaintiffs request such damages and other relief to which they shall be entitled.

## COUNT XIV
### (False Designation of Origin of Discs)

68.     Plaintiffs incorporate by reference herein each and every averment in the Complaint as amended.

69.     FAME is the owner of the "FAME" mark and name as used in connection with the compact discs in the United States.

70.     The acts of Capitol and EMI in causing and authorizing the sale of the above-described compact discs through the United States and the world under the FAME mark and name, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection ro association of FAME with Capitol or EMI, their affiliates or others they have caused or authorized to sell plaintiffs' masters, or as to the origin, sponsorship, or approval of the compact discs sold containing plaintiffs' masters.

71.     The foregoing acts of said defendants in violation of § 43(a)(1) of the Lanham Act (15 U.S.C. § 1125(a)(1)) have caused damages to FAME in amounts that cannot at this time

reasonably be calculated.

WHEREFORE, PREMISES CONSIDERED, FAME prays that this Court:

A. Enjoin Capitol and EMI from using or employing the "FAME" mark and name in connection with the manufacture or sale of the compact discs containing the above-described masters.

B. Order that said defendants render an accounting of all revenues and profits derived from sales of compact discs through the use of or reference to the name "FAME."

C. Award FAME its actual damages, trebled.

D. That the Court declare, pursuant to the provisions of 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, that FAME is the owner of the "FAME" mark and name as used in the United States with respect to compact discs.

E. Award FAME its costs, reasonable attorneys fees, and such further relief as the Court deems appropriate.

## COUNT XV
**(Misleading Promotion of Goods)**

72. Plaintiffs restate and reallege the allegations of the Complaint as amended.

73. The acts of Capitol and EMI in causing and/or authorizing their affiliates and others to advertise, promote, manufacture and sell compact discs using the FAME name and mark are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of FAME, with Capitol, EMI, their affiliates, and others, or as to the origin, sponsorship, or approval of the compact discs sold as alleged above containing plaintiffs' masters.

74. The foregoing acts of said defendants in violation of § 43(a)(1) and (a)(2) of the Lanham Act (15 U.S.C. § 1125(a)(1) and (a)(2)) have caused damages to FAME in amounts that cannot at this time reasonably be calculated.

WHEREFORE, PREMISES CONSIDERED, FAME prays that this Court:

A. Enjoin Capitol and EMI from using or employing the "FAME" mark and name in connection with the manufacture or sale of the compact discs containing the above-described masters.

B. Order that said defendants render an accounting of all revenues and profits derived from sales of compact discs through the use of or reference to the name "FAME."

C. Award FAME its actual damages, trebled.

D. That the Court declare, pursuant to the provisions of 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, that FAME is the owner of the "FAME" mark and name as used in the United States with respect to compact discs.

E. Award FAME its costs, reasonable attorneys fees, and such further relief as the Court deems appropriate.

## COUNT XVI
**(Conspiracy)**

75. Plaintiffs reallege the allegations of the Complaint as amended.

76. In 2004, Capitol, EMI, Astralwerks, Honest Jon's Records, and other unknown at this time, actively conspired to cause and aid those parties to commit and accomplish the wrongs heretofore described.

77. As a result of this wrongful conduct, plaintiffs have suffered compensatory damages, and the wrongful acts were done willfully, intentionally, recklessly, or otherwise under circumstances justifying an award of punitive damages.

WHEREFORE, PREMISES CONSIDERED, plaintiffs request such compensatory and punitive damages as a jury shall award.

G. RICK HALL
Bar Number:  0484L73G
Attorney for Plaintiffs
Hall & Tanner, P.C.
201 North Water Street
Tuscumbia, Alabama 35674
Telephone:  (256) 381-7750
Fax:     (256) 381-4449
E-mail:   grickhall@yahoo.com

**PLAINTIFFS CONTINUE TO DEMAND TRIAL BY STRUCK JURY OF THIS CAUSE.**

**s/G. Rick Hall**
G. RICK HALL
Bar Number:  0484L73G
Attorney for Plaintiffs
Hall & Tanner, P.C.
201 North Water Street
Tuscumbia, Alabama 35674
Telephone:  (256) 381-7750
Fax:     (256) 381-4449
E-mail:   grickhall@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of June I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following to Will Hill Tankersley, Jr., Esq. I further certify that I have mailed a hard copy of the foregoing by United States Postal Services, First Class, the foregoing document to the following:

>Mr. Will Hill Tankersley, Jr.
>Mr. Scott B. Grover
>Balch & Bingham, LLP
>Attorneys at Law
>1710 Sixth Avenue North
>Birmingham, Alabama 35203
>
>Pegasus Records
>612 East Tennessee Street
>Florence, Alabama 35630

>Respectfully submitted,
>
>**s/G. Rick Hall**
>G. RICK HALL
>201 North Water Street
>Tuscumbia, Alabama 35674
>Phone:  (256) 381-7750
>Fax:     (256) 381-4449
>E-mail:  grickhall@yahoo.com
>Bar Number:  0484L73G