IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| FAME ENTERPRISES, INC. and ROE E. (RICK) HALL, <br><br> Plaintiffs, <br><br> v. <br><br> CAPITOL RECORDS, INC., ET AL., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CV-05-J-0833-NW |

## ANSWER OF DEFENDANTS CAPITOL RECORDS, INC., EMI GROUP, INC., EMI RECORDS, EMI MUSIC, INC., EMI GROUP NORTH AMERICA, INC., SUNBURST RECORDS, LASER'S EDGE, BAY SOUND, INC., SOUND SHOP, THE SOUND SHOP, INC., AND CHARLEMAGNE RECORD EXCHANGE, INC. TO PLAINTIFFS' COMPLAINT AS AMENDED

Defendants Capitol Records, Inc. ("Capitol"), EMI Group, Inc., EMI Records, EMI Music, Inc., EMI Group North America, Inc., Sunburst Records, Laser's Edge, Bay Sound, Inc., The Sound Shop, Inc., Sound Shop, Charlemagne Record Exchange, Inc. (collectively, the "defendants") respond as follows to the plaintiffs' complaint:

### INTRODUCTION

This is a contract case. The key terms are straightforward and unambiguous. Beginning in 1969, and then again in 1970, the predecessor of plaintiff FAME Enterprises, Inc. ("FAME") agreed to produce master recordings for defendant Capitol. Capitol agreed in turn to compensate FAME for those master recordings. As part of that agreement, FAME sold and transferred to Capitol "all right, title and interest of whatsoever kind or nature in and to each of the masters ... including but not limited to ...the exclusive ownership of the masters and all duplicates thereof and records manufactured therefrom and the right to use and control the same and performances embodied therein ...." *See* Compl., Ex. A, Addendum No. 1, p. 2; Ex. B, Addendum No. 1, p. 26.

765823.1

FAME and Capitol also agreed, as part of the 1969 and 1970 contracts, that FAME would have the option to buy back the master recordings "[f]ive years after the initial release by Capitol of a record manufactured from a master produced hereunder." *See* Compl., Ex. A, pp. 12-13; Ex. B, pp. 19-20 (emphasis added). If FAME exercised that option, Capitol was to "promptly deliver to Company [i.e., FAME] the original tape copies of such master and all of Capitol's rights with respect to such master shall thereupon terminate ...." *Id.* (emphasis added).

FAME claims it exercised the buy-back option through a letter dated June 17, 1971. *See* Compl., Ex. C. Yet, such a letter could not have invoked any buy-back option, as the letter was sent years before the expiration of the five-year period specified in the buy-back provisions. Furthermore, FAME nowhere claims that Capitol ever delivered the masters it allegedly bought back, or that it is in possession of the masters today.

The release of the Candi Staton and Willie Hightower albums did not infringe on any rights of FAME or its president Roe E. "Rick" Hall. More than thirty-five (35) years after selling the master recordings present in those albums to Capitol, FAME cannot now claim rights it does not own.

## ANSWER

1. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the complaint and therefore deny those allegations, except that the defendants state that Capitol is a Delaware corporation with its principal place of business in New York, that EMI Group, Inc. and EMI Music, Inc. are Delaware corporations with principal places of business in New York, that EMI Group North America, Inc. is a Delaware corporation with a principal place of business of Delaware, and that

EMI Records is a fictitious business name for Capitol Records and is registered with the State of New York.

2. The defendants deny the allegations in paragraph 2 of the complaint.

3. The defendants deny the allegations in paragraph 3 of the complaint.

4. The defendants deny the allegations in paragraph 4 of the complaint.

5. The defendants deny the allegations in paragraph 5 of the complaint.

6. The defendants deny the allegations in paragraph 6 of the complaint.

7. The defendants deny the allegations in paragraph 7 of the complaint.

8. The defendants deny the allegations in paragraph 8 of the complaint and the characterizations set forth therein. Exhibits A, B and C, as attached to the complaint, speak for themselves. *See* Compl., Ex. A, pp. 12-13 & Addendum No. 1, p. 2; Ex. B, pp. 19-20 & Addendum No. 1, p. 26.

9. The defendants deny the allegations in paragraph 9 of the complaint and the characterizations set forth therein. Exhibits D, E and F, as attached to the complaint, speak for themselves.

10. The defendants deny the allegations in paragraph 10 of the complaint and the characterizations set forth therein. Exhibit G, as attached to the complaint, speaks for itself.

11. The defendants deny the allegations in paragraph 11 of the complaint and the characterizations set forth therein. Exhibits H and I, as attached to the complaint, speak for themselves.

12. The defendants deny the allegations in paragraph 12 of the complaint and the characterizations set forth therein. Exhibits J, K and L, as attached to the complaint, speak for themselves.

13. The defendants deny the allegations in paragraph 13 of the complaint and the characterizations set forth therein. Exhibit M, as attached to the complaint, speaks for itself.

14. The defendants deny the allegations in paragraph 14 of the complaint and the characterizations set forth therein. Exhibits A, B, C and D speak for themselves.

15. The defendants deny the allegations in paragraph 15 of the complaint and the characterizations set forth therein. The "liner notes" plaintiffs reference, but do not attach as an exhibit, speak for themselves.

16. The defendants deny the allegations in paragraph 16 of the complaint and the characterizations set forth therein. The "liner notes" plaintiffs reference, but do not attach as an exhibit, speak for themselves.

17. The defendants deny the allegations in paragraph 17 of the complaint and the characterizations set forth therein. The "liner notes" plaintiffs reference, but do not attach as an exhibit, speak for themselves.

18. The defendants deny the allegations in paragraph 18 of the complaint.

19. With respect to paragraph 19 of the complaint, the defendants incorporate their responses to paragraphs 1-18 of the complaint.

20. The defendants deny the allegations in paragraph 20 of the complaint.

21. The defendants deny the allegations in paragraph 21 of the complaint, and the unnumbered prayer for relief that follows paragraph 21.

22. With respect to paragraph 22 of the complaint, the defendants incorporate their responses to paragraphs 1-21 of the complaint.

23. The defendants deny the allegations in paragraph 23 of the complaint.

24. The defendants deny the allegations in paragraph 24 of the complaint, and the unnumbered prayer for relief that follows paragraph 24.

25. With respect to paragraph 25 of the complaint, the defendants incorporate their responses to paragraphs 1-24 of the complaint.

26. The defendants deny the allegations in paragraph 26 of the complaint, and the unnumbered prayer for relief that follow paragraph 26.

27. With respect to paragraph 27 of the complaint, the defendants incorporate their responses to paragraphs 1-26 of the complaint.

28. The defendants deny the allegations in paragraph 28 of the complaint, and the unnumbered prayer for relief that follow paragraph 28.

29. With respect to paragraph 29 of the complaint, the defendants incorporate their responses to paragraphs 1-28 of the complaint.

30. The defendants deny the allegations in paragraph 30 of the complaint, and the unnumbered prayer for relief that follow paragraph 30.

31. With respect to paragraph 31 of the complaint, the defendants incorporate their responses to paragraphs 1-30 of the complaint.

32. The defendants deny the allegations in paragraph 32 of the complaint, and the unnumbered prayer for relief that follows paragraph 32.

33. With respect to paragraph 33 of the complaint, the defendants incorporate their responses to paragraphs 1-32 of the complaint.

34. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the complaint and therefore deny those allegations.

35. The defendants deny the allegations in paragraph 35 of the complaint.

36. The defendants deny the allegations in paragraph 36 of the complaint.

37. The defendants deny the allegations in paragraph 37 of the complaint.

38. The defendants deny the allegations in paragraph 38 of the complaint.

39. The defendants deny the allegations in paragraph 39 of the complaint.

40. The defendants deny the allegations in paragraph 40 of the complaint, and the unnumbered prayer for relief that follows paragraph 40.

41. With respect to paragraph 41 of the complaint, the defendants incorporate their responses to paragraphs 1-40 of the complaint.

42. The defendants deny the allegations in paragraph 42 of the complaint.

43. The defendants deny the allegations in paragraph 43 of the complaint, and the unnumbered prayer for relief that follows paragraph 43, including all discrete subparts.

44. With respect to paragraph 44 of the complaint, the defendants incorporate their responses to paragraphs 1-43 of the complaint.

45. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the complaint and therefore deny those allegations.

46. The defendants deny the allegations in paragraph 46 of the complaint.

47. The defendants deny the allegations in paragraph 47 of the complaint.

48. The defendants deny the allegations in paragraph 48 of the complaint, and the unnumbered prayer for relief that follows paragraph 48.

49. With respect to paragraph 49 of the complaint, the defendants incorporate their responses to paragraphs 1-48 of the complaint.

50. The defendants deny the allegations in paragraph 50 of the complaint.

51. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the complaint and therefore deny those allegations.

52. The defendants deny the allegations in paragraph 52 of the complaint, and the unnumbered prayer for relief that follows paragraph 52.

53. With respect to paragraph 53 of the complaint, the defendants incorporate their responses to paragraphs 1-52 of the complaint.

54. The defendants deny the allegations in paragraph 54 of the complaint.

55. The defendants deny the allegations in paragraph 55 of the complaint.

56. The defendants deny the allegations in paragraph 56 of the complaint.

57. The defendants deny the allegations in paragraph 57 of the complaint.

58. The defendants deny the allegations in paragraph 58 of the complaint.

59. The defendants deny the allegations in paragraph 59 of the complaint, and the unnumbered prayer for relief that follows paragraph 59.

60. With respect to paragraph 60 of the complaint, the defendants incorporate their responses to paragraphs 1-59 of the complaint.

61. The defendants deny the allegations in paragraph 61 of the complaint.

62. The defendants deny the allegations in paragraph 62 of the complaint.

63. The defendants deny the allegations in paragraph 63 of the complaint.

64. The defendants deny the allegations in paragraph 64 of the complaint, and the unnumbered prayer for relief that follows paragraph 64.

65. With respect to paragraph 65 of the complaint, the defendants incorporate their responses to paragraphs 1-64 of the complaint.

66. The defendants deny the allegations in paragraph 66 of the complaint.

67. The defendants deny the allegations in paragraph 67 of the complaint, and the unnumbered prayer for relief that follows paragraph 67.

68. With respect to paragraph 68 of the complaint, the defendants incorporate their responses to paragraphs 1-68 of the complaint.

69. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the complaint and therefore deny those allegations.

70. The defendants deny the allegations in paragraph 70 of the complaint.

71. The defendants deny the allegations in paragraph 71 of the complaint, and the unnumbered prayer for relief that follows paragraph 71, including all discrete subparts.

72. With respect to paragraph 72 of the complaint, the defendants incorporate their responses to paragraphs 1-71 of the complaint.

73. The defendants deny the allegations in paragraph 73 of the complaint.

74. The defendants deny the allegations in paragraph 74 of the complaint, and the unnumbered prayer for relief that follows paragraph 74, including all discrete subparts.

75. With respect to paragraph 75 of the complaint, the defendants incorporate their responses to paragraphs 1-74 of the complaint.

76. The defendants deny the allegations in paragraph 76 of the complaint.

77. The defendants deny the allegations in paragraph 77 of the complaint, and the unnumbered prayer for relief that follows paragraph 77.

## Defenses

1. The complaint fails to state, in whole or in part, a claim upon which relief can be granted.

2. Some or all of the claims of the plaintiffs are preempted.

3. Some or all of the claims of the plaintiffs are barred by the applicable statute of limitations, rule of repose, or the doctrine of laches.

3. Some or all of the claims of the plaintiffs are barred by the doctrines of waiver, unclean hands and judicial estoppel.

4. Some or all of the plaintiffs' claims are barred by the doctrine of accord and satisfaction.

5. Some or all of the plaintiffs' claims are barred by the doctrines of ratification, consent, acquiescence and voluntary payment.

6. Some or all of the plaintiffs' claims are barred by plaintiffs' failure to perform as mutually agreed.

7. The defendants deny each and every allegation of the plaintiffs' complaint not expressly admitted, and further deny that the plaintiffs are entitled to any relief.

8. The plaintiffs have not suffered any injury by reason of any act or omission by the defendants, and do not have any right or standing to assert the claims at issue.

9. The plaintiffs' alleged damages are speculative and otherwise not recoverable.

10. The defendants claim that their actions have been in good faith and in conformity with applicable rules, regulations, and/or interpretations thereof, and further plead that punitive damages are not available for some/all of the causes of action alleged.

11. Any recovery is barred, or must be reduced, as a proximate result of the plaintiffs' failure to mitigate any alleged damages.

12. Any recovery is barred, or must be reduced, because of superseding or intervening acts or causes.

13. Any recovery is barred, or must be reduced, because of the actions or conduct of others.

14. Any recovery of punitive or exemplary damages is barred, or must be reduced, under the provisions of the Fifth, Eighth and Fourteenth Amendment of the United States Constitution and Article I, Sections 6 and 15 of the Constitution of the State of Alabama.

15. Any recovery is barred, or must be reduced, pursuant to the protections afforded by Section 6-11-20 through 6-11-30, Code of Alabama 1975, as amended.

16. To the extent the plaintiffs have agreed to arbitrate their claims, the defendants move this Court to compel arbitration.

17. The defendants reserve the right to assert additional defenses based upon information learned during the course of discovery in this action.

Dated: July 19th, 2005

/s/ Scott B. Grover
Will Hill Tankersley, Jr.
ASB-5375-A31W
Scott B. Grover
ASB-3661-O66G
Attorneys for Defendants
Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, AL 35023
Telephone: (205) 251-8100
Facsimile: (205) 488-5872
email: wtankers@balch.com
email: sgrover@balch.com

## CERTIFICATE OF SERVICE

I certify that on July 19th, 2005, I electronically filed the foregoing ANSWER with the Clerk of Court using the CM/ECF system which will send notification of such filing to those persons whose electronic addresses are listed below, and I hereby certify that I have mailed by United States Postal Service the foregoing Answer to the person listed below without an electronic address:

G. Rick Hall (HAL-043)
Attorneys for Plaintiffs
Hall & Tanner, P.C.
201 North Water Street
Tuscumbia, Alabama 35674
Telephone: (256) 381-7750
Facsimile: (256) 381-4449
email: grickhall@yahoo.com

Pegasus Records
612 East Tennessee Street
Florence, Alabama 35630

/s/ Scott B. Grover
Of Counsel