IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| FAME ENTERPRISES, INC. and ROE E. (RICK) HALL,<br><br>    Plaintiffs,<br><br>v.<br><br>CAPITOL RECORDS, INC., ET AL.,<br><br>    Defendants. | CV-05-J-0833-NW |

### FIRST SET OF INTERROGATORIES AND REQUESTS FOR ADMISSION TO PLAINTIFFS OF DEFENDANT CAPITOL RECORDS, INC.

Pursuant to Fed. R. Civ. P. 33 and 36, Capitol Records, Inc. ("Capitol") requests that plaintiffs FAME Enterprises, Inc. and Roe E. "Rick" Hall respond to the following Interrogatories and Requests for Admission:

### Definitions

The following definitions shall apply to these interrogatories and requests for admission wherever the words defined appear:

1. **"Capitol"** means Defendant Capitol Records, Inc., as well as its affiliates, agents, servants, employees, attorneys, predecessors or successors-in-interest and any other persons acting for or on its behalf.

2. **"You"** and **"Your"** means each respective Plaintiff herein, i.e.,

    (a)    FAME Enterprises, Inc.

    (b)    Roe E. "Rick" Hall

and their respective officers, directors, shareholders, partners, members, agents, representatives, employers, employees, attorneys, predecessors or successors-in-interest, accountants, auditors, advertising agencies, public relations and marketing firms or consultants, other professional

785362.1

persons, experts, investigators or anyone else acting or purporting to act under their direction or control (whether or not compensated).

3. **"Person(s)"** includes, but is not limited to, a natural person, firm, association, organization, partnership, business, joint venture, trust, corporation, public entity and every form and kind of entity. Reference herein to **"person"** includes the agents, employees, attorneys, accountants, investigators, and representatives of any such **"person"** and anyone acting or purporting to act for or on behalf of such **"person"**.

4. **"Defendant"** refers to each defendant named in the caption set forth at the outset of this filing, individually and collectively, as well any attorney, affiliate, agent, parent company, subsidiary, and predecessor of each defendant.

5. **"Identify,"** when used with respect to a person, shall mean to provide his or her full name; residence address and residence phone number; and business address and business phone number. When used in any other context, the term **"identify"** shall mean to describe with particularity.

6. **"Album"** means a recording produced and distributed in any form, including, without limitation, vinyl disc (whether full-length, single or other), cassette tape, compact disc or computer file.

7. **"Artist"** means any musician who recorded one or more recordings subject to the terms of contracts found at Exhibit A or Exhibit B to the original complaint, including, without limitation, Candi Staton and Willie Hightower.

8. **"Master Recordings"** means those recordings referenced in paragraphs two (2), three (3), four (4) and five (5) of the original complaint (originals or copies), as well as any ownership interest in said master recordings, whole or part.

9. The **"substance"** of a communication or Document **"arises out of or relates to any claim or defense in this case"** if it refers to (a) Master Recordings, (b) any formal or informal contractual or other business relationship between you and Capitol, (c) any formal or informal contractual or other business relationship between you and an Artist, or (d) any allegation, claim or defense in the case.

10. **"Privilege Log"** means a complete description of the privilege asserted, the Document and/or information for which such privilege is asserted and the non-privileged elements of such Document and information, including without limitation:

    (a) The type of Document, e-mail, memo, etc.;

    (b) The author of the Document or information;

    (c) The recipient of the Document or information;

    (d) The date of creation and/or transmittal of the Document or information;

    (e) The general subject matter of the Document of information.

**Instructions**

1. In the event an interrogatory or request for admission requests information which you do not know or cannot obtain by reasonable inquiry, please so acknowledge in your response to that interrogatory or request.

2. If you assert a privilege as a basis for not responding to an interrogatory or request for admission, identify the privilege asserted and give a complete Privilege Log. If only a portion of the information sought by the interrogatory or request for admission is privileged then respond with the unprivileged portions following the above described procedure for the privileged portions.

3. These interrogatories and requests for admission are continuing in nature.

## Interrogatories

1. Identify each act you have taken in connection with the licensing, distribution, release, promotion or marketing of the Master Recordings, in the form of an Album or otherwise, from January 1, 1969 until the present.

2. Identify each act you have taken in connection with the licensing, promotion or marketing of an Artist from January 1, 1969 until the present.

3. Identify each fact you contend supports your position that you hold an ownership interest in the Master Recordings.

4. Identify each fact you contend supports your position that "other masters owned by" you have been "exploited on other occasions without [your] knowledge and permission" by Capitol or any Defendant. Your response to this interrogatory should identify the Master Recordings to which you refer in paragraph five of the original complaint, the Artist(s) who recorded said Master Recordings, and date(s) on which said Master Recordings were recorded.

5. Identify each person who you know or believe possesses knowledge of relevant information of any fact identified in Interrogatories Number Three and Four and the facts you believe to be known by such person.

6. Identify all recordings, including but not limited to the Master Recordings, and Albums you contend were created and/or produced pursuant to the contracts attached to the original complaint at Exhibit A and Exhibit B, or any modification to those contracts (oral or written), and state whether or not you contend that you presently own the rights to the recordings identified.

7. Identify each communication, oral and written, between you and a Defendant, any substance of which arises out of or relates to any claim or defense in this case. Your response to

this interrogatory should identify separately each party to the communication, the date on which the communication occurred, and describe with particularity the substance of each communication.

8. Identify each Album you produced and/or released for distribution between 1994 and 2004. For each Album, identify the following:

    (a) Cost of production;

    (b) Cost of distribution; and

    (c) Profit earned to date, if any.

9. If you contend you invoked paragraph 18 of Exhibit A, and/or paragraph 20 of Exhibit B to the original complaint, identify how you invoked said paragraph(s). Your response to this interrogatory should identify the date of the invocation(s), the Master Recordings made subject of the invocation(s), and the date(s) on which the original master tapes, in any media including but not limited to analog tape, DAT, or computer file, which embody the Master Recordings, and any copies thereof, were delivered to you pursuant to your exercise of buy-back rights.

10. Identify the person(s) who "heard of EMI's plan to release a compilation of Candi Staton performances containing numerous masters owned by FAME" as stated in paragraph 12 of the original complaint, and identify the person(s) and/or source(s) of the information "heard."

11. Identify each fact you contend supports the claim for mental anguish or emotional distress damages by Roe E. "Rick" Hall.

12. Identify each health care professional and/or health care facilities from whom Roe E. "Rick" Hall has received treatment or advice regarding any medical condition within ten years immediately preceding the date(s) on which Roe E. "Rick" Hall first learned of the release of the

Candi Staton and Willie Hightower Albums referenced in paragraphs two through five of the original complaint until the present. In answering this interrogatory, please identify separately and with particularity the condition(s) for which you sought treatment or advice and any follow-up, the name(s) of the health care professional(s) providing treatment or advice, the facility at which treatment or advice was rendered, any medications prescribed to you, and the treatment or advice rendered by each health care professional regarding your medical condition(s).

13. Identify each honor and award received by Roe E. "Rick" Hall.

14. Identify each officer, director and member of management of FAME Enterprises, Inc. for each year from 1969 to present.

15. During the period 1969 to present, identify each person who holds or has ever held a 10 percent or more share of FAME Enterprises, Inc., and identify the percentage share owned by each person.

16. Identify all lenders to and/or investors in FAME Enterprises, Inc. from 1969 to present.

17. Identify each communication, oral and written, between you and an Artist, any substance of which arises out of or relates to any claim or defense in this case. Your response to this interrogatory should identify separately each party to the communication, the date on which the communication occurred, and describe with particularity the substance of each communication.

18. Identify each communication, oral and written, not previously encompassed within any of the foregoing interrogatories and to which you were a party, any substance of which arises out of or relates to any claim or defense in this case (including, without limitation, third-party communications and internal communications). Your response to this interrogatory

should identify separately each party to the communication, the date on which the communication occurred, and describe with particularity the substance of each communication.

19. Identify the value (as you use the term in paragraph 15 of the original complaint) of the recordings, including but not limited to the Master Recordings, and Albums identified by you in response to Interrogatory Numbers 4 and 6, as of December 31, 2003. Your response to this interrogatory should identify each fact you contend supports your answer.

20. Identify all the "material" in your "small catalogue" (as you use those terms in paragraph 13 of the original complaint). Your response to this interrogatory should identify the material by artist, song and, if applicable, Album.

21. Identify the value (as you use the term in paragraph 15 of the original complaint) of the "material" in your "small catalogue" (as you use those terms in paragraph 13 of the original complaint).

22. If your answer Request for Admission Number 1 is anything other than an unqualified admission, identify each fact you contend supports the answer given.

23. If your answer to Request for Admission Number 2 is anything other than an unqualified admission, identify each fact you contend supports the answer given.

24. If your answer to Request for Admission Number 3 is anything other than an unqualified admission, identify each fact you contend supports the answer given.

**Requests for Admission**

1. Admit that pursuant to Exhibit A to the original complaint, Addendum No. 1, p. 2, and Exhibit B, Addendum No. 1, p. 26, FAME Productions, Inc. sold and transferred to Capitol all right, title and interest of whatsoever kind or nature in and to, among others, the Master Recordings identified in paragraph two and four of the original complaint, including, the

exclusive ownership of the Master Recordings and all duplicates thereof and records manufactured therefrom and the right to use and control the same and the performances embodied therein.

2. Admit that there is no modification, oral or written, to Exhibit A, Addendum No. 1, p. 2, and Exhibit B, Addendum No. 1, p. 26 to the original complaint.

3. Admit that there is no modification, oral or written, to paragraph 18 of Exhibit A and paragraph 20 of Exhibit B to the original complaint.

Dated: August 11th, 2005

/s/ Scott B. Grover
Will Hill Tankersley, Jr.
ASB-5375-A31W
Scott B. Grover
ASB-3661-O66G
Attorneys for Defendants
Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, AL 35023
Telephone: (205) 251-8100
Facsimile: (205) 488-5872
email: wtankers@balch.com
email: sgrover@balch.com

## CERTIFICATE OF SERVICE

      I certify that on August 11th, 2005, I electronically filed the foregoing INTERROGATORIES AND REQUESTS FOR ADMISSION with the Clerk of Court using the CM/ECF system which will send notification of such filing to those persons whose electronic addresses are listed below, and I hereby certify that I have mailed by United States Postal Service the foregoing Answer to the person listed below without an electronic address:

G. Rick Hall (HAL-043)
Attorneys for Plaintiffs
Hall & Tanner, P.C.
201 North Water Street
Tuscumbia, Alabama 35674
Telephone: (256) 381-7750
Facsimile: (256) 381-4449
email: grickhall@yahoo.com

Pegasus Records
612 East Tennessee Street
Florence, Alabama 35630

                                        /s/ Scott B. Grover
                                        Of Counsel